IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

IN RE: Vincent Thompson  CASE NO. 4:24-BK-13726
CHAPTER 13

**ORDER GRANTING RELIEF FROM STAY**

On this 8th day of January, 2025, comes on for hearing that certain Motion for Relief from Stay filed herein on behalf of Union Bank & Trust Company ("UB&T"). The hearing was conducted after lawful notice to interested parties.

UB&T appeared by its corporate representative and its legal counsel, Whit Barton. The Debtor did not appear personal but did appear by his legal counsel, Chris Foster.

Based upon the testimony of the witness, exhibits introduced, and other matters and proof properly before the Court, the Court finds and determines as follows:

1. That the Debtor became indebtedness to UB&T on a mortgage indebtedness on September 20, 2011 with a loan in the original principal amount of $35,671.00.

2. That as of the date of the hearing, Debtor remains indebted to UB&T in the sum of $30,916.26.

3. That said indebtedness is secured by a first mortgage lien on the following-described real property situated in Drew County, Arkansas, to wit:

> A parcel of land in the Southwest Quarter of the southeast Quarter (Pt SW¼ of SE ¼) of Section 27, Township 11 South, Range 7 West, described as beginning at the Northeast corner thereof and thence running South along the East Boundary of said 40 acre tract a distance of 16.25 chains, thence run West to the Western Boundary of the right-of-way of Arkansas State Highway No. 81 for a point of beginning for the land hereby described and from this beginning point run west a distance of 400 feet, thence run South a distance of 95.70 feet, thence run East a distance of 400 feet to the West boundary of said highway right-of-way thence run Northerly along the West boundary of said highway a distance of 95.70 feet to the point of beginning, containing 1 acre of land, more or less. Less and except any road right-of-ways of record.

4. That the Debtor filed a Chapter 13 case in 2016, Cause No. 5:16-bk-12478. The Debtor was dismissed from that Case ("the First Case") for violation of a strict compliance order from the Court on March 15, 2022.

5. That UB&T thereafter filed a foreclosure proceeding in Drew County Circuit Court on July 14, 2022 (Case No. 22CV-22-101).

6. That the foreclosure proceeding was interrupted by a filing of a second Chapter 13 case by the Debtor on July 22, 2022, Cause No. 4:22-bk-11940 (the "Second Case").

7. That the Second Case was dismissed by order dated January 11, 2023 for failure to comply with a strict compliance order of the Court.

8. That, thereafter, UB&T secured its foreclosure decree, and Debtor's property was scheduled to be auctioned at a foreclosure sale scheduled for November 21, 2023.

9. That the foreclosure sale did not occur at that time because on November 1, 2023, Debtor filed another Chapter 13 case, Cause No. 4:23-bk-13431 (the "Third Case").

10. That the Third Case was dismissed by order of the Court dated October 11, 2024 for failure to comply with strict compliance orders of the Court.

11. That the foreclosure sale was reset by the Drew County Circuit Court for November 14, 2024.

12. That the foreclosure sale was interrupted by the filing of the instant case (the "Fourth Case") on November 13, 2024 (the "Fourth Case").

13. That throughout all four bankruptcy cases, the Debtor's income has remained constant.

14. That from the dismissal of the First Case on March 15, 2022 until the present time, the Debtor has paid to UB&T approximately $7,000.

15. That the Debtor's approximate monthly obligation is $450.

16. That the Debtor has failed to maintain insurance on the personal residence that is the collateral for UB&T's loan at all times since the dismissal of the First Case.

17. That UB&T has maintained forced place insurance on the property since that time.

18. That good cause exists to grant the Petition for Relief from the Stay based upon the Debtor's repeated filings and demonstrated inability to pay the amounts proposed and required to the Bankruptcy Court.

19. That there is credible evidence to the Court that the property is unoccupied.

It is, by the Court, considered, ordered, and adjudged as follows:

1. That the Stay provisions of the United States' Bankruptcy Code are lifted as to the above-described real property, and UB&T is authorized to pursue its usual State-Law remedies as to the liquidation of said collateral.

2. That should a surplus exist as a result of the foreclosure sale, UB&T should retain that surplus and report the same to the Chapter 13 Bankruptcy Trustee if this case remains pending at that time.

Rendered, and ordered to be recorded this 13th day of January, 2025.

Richard Taylor,
United States Bankruptcy Judge

APPROVED AS TO FORM AND CONTENT


_____
Whit Barton, Counsel for Union Bank & Trust Company


/s/Chris Foster
_____
Chris Foster, Counsel for Debtor